IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DARRELL K. EDGIN                                               PLAINTIFF

vs.                              Civil No. 6:18-cv-06112

COMMISSIONER, SOCIAL                                DEFENDANT
SECURITY ADMINISTRATON

## **MEMORANDUM OPINION**

Darrell Edgin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed his disability application on March 21, 2016. (Tr. 15). In this application, Plaintiff alleges being disabled due to a back injury, arthritis in his back, a learning disability ("can not read, write or spell appr 4th"), tingling in arms and legs, breathing problems,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

1

chest pains, and bone and joint pain. (Tr. 203). Plaintiff alleges an onset date of September 29, 2015. (Tr. 15). This application was denied initially and again upon reconsideration. (Tr. 88-122).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on this application, and this hearing request was granted. (Tr. 47-87). On September 21, 2017, the SSA held an administrative hearing in Hot Springs, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Sherri McDonough. *Id.* Plaintiff and Vocational Expert ("VE") Stephanie Ford testified at this hearing. *Id.*

On April 19, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 12-29). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2020. (Tr. 17, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 29, 2015, his alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease ("DDD"), chronic obstructive pulmonary disease ("COPD"), and carpal tunnel syndrome. (Tr. 18, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-24, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can only occasionally stoop, crouch, bend, kneel, crawl and balance. He must avoid excessive exposure to dust, smoke, fumes, and other pulmonary irritants. He can frequently finger/handle with upper extremities. He can occasionally use the lower extremities for foot controls and pedals. He is limited to simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete. Reading and writing duties is [are] limited to second grade level.

*Id.*

The ALJ found Plaintiff was born on August 8, 1964 and was fifty-one (51) years old on his alleged disability onset date. (Tr. 24, Finding 7). Such a person is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). The ALJ determined Plaintiff had a marginal education but was able to communicate in English. (Tr. 24, Finding 8).

The ALJ evaluated his Past Relevant Work ("PRW") and determined Plaintiff did not retain the capacity to perform his PRW. (Tr. 24, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24-25, Finding 10). The VE testified at the administrative hearing on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform his PRW as a cafeteria attendant (light, unskilled) with 59,000 such jobs in the nation and as a deli cutter/slicer (light, unskilled) with 19,000 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 29, 2015 through the date of his decision or through April 24, 2018. (Tr. 25, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On October 23, 2018, the Appeals Council declined to review the ALJ's disability

determination. (Tr. 1-6). On November 6, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 6, 2018. ECF No. 5. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises one argument for reversal: the ALJ's RFC determination is not supported by substantial evidence. ECF No. 12 at 1-19. Because this is the only issue Plaintiff raised, the Court will only address this issue.

As a part of his RFC argument, Plaintiff also claims the ALJ erred in assessing his credibility. ECF No. 12 at 1-19. As an initial matter, the Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski*

*v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subject complaints. Plaintiff has documented severe back pain. On November 9, 2015, Plaintiff's physical therapist found Plaintiff was only able to "tolerate sitting for 15 min or less without aggravating pain. Standing tolerance: Patient can stand for 15 min or less without aggravating pain." (Tr. 301). The ALJ did not consider this report but instead stated the following: "There is nothing in the record that indicates that any treating or examining physician or *provider* has suggested that the claimant's condition requires more than conservative treatment." (Tr. 23) (emphasis added). The ALJ's determination on this issue was simply inaccurate.

Plaintiff's physical therapist noted this pain may be attributed to "years of truck driving." (Tr. 294). The ALJ recognized Plaintiff's exemplary work history but gave Plaintiff *no credit* for that work history: "The claimant's work history had also been reviewed in this matter. According to a Certified Earnings Report run on March 28, 2017, the claimant had earnings dating back to 1979 (Ex. 2D). In looking at his earnings, he has a good work history with progressively increases in wags with only a few exceptions. While the claimant had a good work history, in making a determination regarding the weight to be accorded to the claimant's subjective complaints, the significance of the claimant's work history is outweighed by other substantial evidence in this

7

claim." (Tr. 23). The ALJ, however, provided no other "substantial evidence" that outweighed that work history. Thus, the ALJ's decision to entirely discount this work history for no apparent reason was improper.

Furthermore, the ALJ provided no analysis of the *Polaski* factors. Instead, the ALJ discounted Plaintiff's daily activities because they were not supported by his medical records: "Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision." (Tr. 23). The "other factors" are Plaintiff's medical records. The Court finds this is simply not a sufficient basis for discounting Plaintiff's subjective complaints.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of September 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE